Dwayne HAWKINS, Millard G. Ripley, Plaintiffs–Appellants,

v.

FORD MOTOR COMPANY, Defendant–Appellee.

No. 96–2306.

United States Court of Appeals,
Eleventh Circuit.

Nov. 23, 1999.

Daniel E. Myers, Loula M. Fuller, Walter E. Forehand, Myers and Forehand, Tallahassee, FL, for Plaintiffs–Appellants.

John H. Fleming, Dulaney L. O'Roark, III, Sutherland, Asbill & Brennan, Atlanta, GA, Dean Bunch, Sutherland, Asbill & Brennan, LLP, Tallahassee, FL, for Defendant–Appellee.

Before BIRCH, Circuit Judge, FAY, Senior Circuit Judge, and COHILL*, Senior District Judge.

PER CURIAM:

The facts in this case are set out in our prior opinion in which we certified a controlling issue of law to the Supreme Court of Florida. *See Hawkins v. Ford Motor Co.*, 135 F.3d 1443 (11th Cir.1998)(per curiam). The Supreme Court of Florida rephrased[1] our original certified question as follows:

> Does section 320.643(2)(a), Florida Statutes (1993), provide the exclusive basis for objection by a motor vehicle manufacturer to a proposed transfer of all the equity interest in a corporate motor vehicle dealership?

---

* Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. The rephrased certified question is essentially the same as our original question but for the insertion of the word "corporate."

*Hawkins v. Ford Motor Co.,* 1999 WL 820573, No. 96-2306, slip op. at 2, —— So.2d ——, —— (Fla. Oct. 14, 1999). The Supreme Court of Florida responded as follows:

[W]e answer the rephrased certified question in the negative and hold that the entire transaction must be analyzed and multiple statutory provisions considered depending on the structure of the entire transaction which, as here, may involve both a transfer of all the equity interest in a corporate motor vehicle dealership and a change in executive management control of that dealership.

*Id.*

Based upon the holding of the Supreme Court of Florida on the determinative issue of Florida law in this case, we AFFIRM the judgment of the district court.